GARRISON, Judge.
Plaintiff, L. Walker Allen, II, the executor of the estate of Louise Dennee Allen, filed this rule to show cause against Helen Dennee Moore, John Motichek, Ella Mae Motichek, George Motichek and Antonia Motichek, demanding that they show cause why reimbursement of the balance of the federal estate tax interest allegedly owed by these legatees should not be made to the plaintiff. Of the $519.04 requested by the plaintiff, the court ordered these parties to pay $375.00 of this sum. Plaintiff now appeals from this judgment asking that the remainder of his total request be paid to him.
After contesting the will of the decedent, the legatees of her will entered into a settlement agreement, effective September 3, 1982, in which the parties agreed as to their proportionate shares of the estate. On September 12, 1983, the attorney for the defendants received a written request from the plaintiff for reimbursement of money paid to the Internal Revenue Service for interest due on the estate’s federal estate tax return. Attached to this correspondence was a letter from the plaintiffs accountant indicating suggested proportionate shares of interest due for each of these five defendants.
At the rule to show cause, the plaintiff argued that he should be reimbursed by these five legatees in the amount suggested by his accountant. However, all parties at this rule agreed with the trial judge that the only provision in the settlement agreement with respect to any payment of interest or penalties states that this matter “shall be presented to the Court for determination.” Tr. pp. 12-13. Accordingly, after testimony was presented which indicated several delays in the administration of this estate which were attributable to the plaintiff, the court awarded the plaintiff $375.00 of the requested $519.04. In his judgment on the rule, the trial judge allocated the $375.00 payment as follows: Helen D. Moore, $275.00, Ella Mae Moti-chek, $25.00, George Motichek, $25.00, and Antonia Motichek, $25.00. Because this amount equals only $350.00 and because John Motichek was not mentioned in this judgment, it appears that the trial judge inadvertently failed to mention that John Motichek also owes $25.00 to the plaintiff. Aside from this omission, we find no manifest error on the part of the trial judge in the determination of this award.
For the reasons stated above, we amend the judgment of the trial court to include judgment against John Motichek in the amount of $25.00. In all other respects, the trial court judgment is affirmed. All costs of this appeal are assessed to the plaintiff.
AMENDED AND AFFIRMED.